RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Petitioner,. v. TAX COURT OF PUERTO RICO, Respondent; ÁNGEL. GARCÍA UBARRI, Intervener.

No. 196.   Argued January 10, 1949.—Decided January 27, 1949.

*Vicente Géigel Polanco, Attorney General,* and *José A. García Malpica, Assistant Attorney General* for petitioner; *Diego Guerrero Noble,* for intervener, plaintiff in the main action.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

In 1945 the taxpayer was Director of the Public Health Unit of Bayamón.  One of his duties was to inspect the different places where the existence of contagious diseases was reported.  In order to accomplish this he used his own private car.  In making his income tax return for said year he made the following deductions:

"(*a*)  Automobile expenses: gasoline, oil, tire, etc...   $586. 43
"(*b*)  Depreciation of automobile.................   400. 00
"(*c*)  Repairs, spare parts and labor............   86. 00

"Total...................$1, 072. 43"

The Treasurer notified him a deficiency for the total amount of those items. He appealed to the Tax Court, but in his complaint instead of claiming the whole amount, he only claimed 60% thereof. At the hearing held by the lower court the taxpayer himself was the only witness in support of his complaint. He merely testified that he used his automobile to render the services above stated, for which use, within the jurisdiction of the Unit, he received no compensation whatsoever. He did not specify what portion of the use of the automobile should be apportioned to his duties in the Unit. He also introduced in evidence a deficiency bill for the year 1943, wherein the Treasurer had accepted a deduction of 60% of the amount claimed for that same purpose. The document has a marginal note which reads: "The net income has been determined after taking into account the administrative hearing held." This document was admitted over the objection of the Treasurer.

The court granted the complaint and based its decision on the following facts:

"The difficulty herein lies, as we have already said, in that we do not know the number of trips made by the doctor during 1945; the number of miles travelled; nor the time taken by said trips. The only fact before us is that the Treasurer in 1943, under similar circumstances, *and by a computation, the correctness of which has not been attacked,* accepted 60% of the total amount claimed by petitioner and, in absence of better evidence, we repeat, we are bound to conclude that the same percentage should be used for 1945."

■ The decision of the Tax Court was notified on March 1, 1948 and in compliance therewith the Treasurer filed the computation on March 24 and appealed to this Court on the 31st of the same month. The taxpayer prays for the dismissal of the appeal on the ground that it was filed after the statutory period of thirty days. The Treasurer very properly alleges that when he filed his petition for certiorari the thirty-day period had not expired inasmuch as by exclud-

ing the 1st of March and including the 31st, only thirty days had elapsed.

██ Passing now on the merits of the case, suffice it to say that the Tax Court did not have enough evidence to determine whether the deduction lies. The only basis for its decision, according to the foregoing paragraph of the opinion, is that the Treasurer, in 1943, admitted a deduction of 60% for that same purpose. The fact that the Treasurer admitted such a deduction in a previous year, does not mean that the use of the automobile in 1945 was for the same purpose as in 1943. Furthermore, the document admitted in evidence contains a footnote mentioned above, from which it may be inferred that the Treasurer received sufficient evidence in 1943 to accept such deduction. Since we find that the evidence does not support the conclusion reached by the lower court, the decision should be reversed and the case remanded for further proceedings not inconsistent with this opinion.

Mr. Justice Negrón Fernández did not participate herein.